## POTTER *v.* CARNEY *et al.*

Objections to evidence must be stated in the Court below; they cannot be taken in this Court for the first time.
Where the evidence is insufficient, a new trial should be granted.

APPEAL from the Superior Court of the City of San Francisco.

Potter, the plaintiff, sued the defendants for the possession of certain premises in San Francisco, alleging that Carney & Carson entered under a lease from him, and that Carson, in fraud of his rights, had conveyed to his co-defendants one-half of the premises. The plaintiff also alleged, generally, that he was the owner of the premises, and entitled to the possession.

The Court below submitted two issues to the jury :

1. Whether Carson & Carney had executed the lease.
2. Whether plaintiff had prior possession.

The evidence as to the execution of the lease was conflicting, and as to prior possession, it was hearsay. No objection was taken to its introduction.

The jury found the following verdict :

" We, the jury, find for the plaintiff, from the evidence before us as to priority of possession, and that the lot is worth over two hundred dollars."

On this verdict the plaintiff had judgment. Defendants failed in the motion for a new trial, and then appealed.

*E. R. Carpentier* for Appellant.

*Channing G. Fenner* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action for the recovery of a lot in San Francisco.

Two issues were made by the evidence : First, the execution of a lease by defendants. Second, the question of prior possession.

On the first issue there was conflict of testimony, and the jury, by implication, found for the defendants, as their verdict for plaintiff is based solely upon the ground of prior possession.

It is contended by the appellants, that under the pleadings, no no evidence of prior possession was admissible, and there would be force in the objection, if an exception to such evidence had ,been taken on the trial; this was not done, and the objection cannot be raised here for the first time.

It is clear, however, that the evidence on this point is entirely insufficient to sustain the verdict, and that the Court erred in refusing a new trial.

Judgment reversed, and cause remanded.